NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRANDT, : | |
| Plaintiff, : | Civil Action No. 05-3521 (JAG) |
| : | |
| v. : | **OPINION** |
| : | |
| DR. JEFFRY NURENBERG, DR. IN K. : SON and DR. EVELYN KEDDISH, : | |
| : | |
| Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Complaint for failure to state a claim upon which relief can be granted by Defendants Dr. Jeffry Nurenberg, Dr. In K. Son, and Dr. Evelyn Keddish (collectively, "Defendants"). For the reasons set forth below, this motion will be denied.

**INTRODUCTION**

John Brandt is a pro se Plaintiff who alleges that he has been involuntarily committed to a New Jersey state psychiatric facility, having been found not guilty by reason of insanity in Superior Court of New Jersey. Defendants are all psychiatrists employed by the State of New Jersey at Greystone Park Psychiatric Hospital who, Plaintiff alleges, ordered that he be administered psychotropic medications against his will. Plaintiff claims that such actions violated his Constitutional rights, and he brings this action, pursuant to 42 U.S.C. § 1983.

Plaintiff filed his Complaint on July 14, 2005. Defendants filed the present motion to

dismiss in lieu of an answer on November 16, 2005.  Plaintiff filed his opposition brief on April 21, 2006.  This Court notes that neither party filed its motion papers in a timely fashion, and that neither party has objected.

## ANALYSIS

I.  **Governing Legal Standards**

    A.  Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient

information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.     Defendants' 12(b)(6) Motion to Dismiss

### A.     The Bar on Official Capacity Suits

Defendants argue first that the Eleventh Amendment to the Constitution bars any suit for damages against them. It is true that the Supreme Court has held that, absent the State's consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). Plaintiff, however, has not sued Defendants in their official capacities, but in their individual capacities; in Plaintiff's Complaint, the statement of jurisdiction states that these are "constitutional claims against defendants in their individual capacities." (Compl. 1.) The Eleventh Amendment does not bar these claims.

Defendants' argument that they are not "persons" as defined in 42 U.S.C. § 1983 fails for the same reason: state employees sued in their official capacities are not "persons" within the

meaning of the statute. As Defendants admit, Will bars official capacity suits. Defendants point to no authority which holds that Defendants in their individual capacities are not "persons" as defined in 42 U.S.C. § 1983.

  B. Has Plaintiff Alleged a Violation of a Constitutional Right?

Defendants argue that Plaintiff's claim that he was forcibly medicated, against his will, states no violation of Constitutional rights. Defendants contend that, at best, this is a claim for medical malpractice.

Plaintiff's claims cannot be dismissed so easily. Defendants agree that Plaintiff is a mentally ill patient involuntarily committed to a state institution. See State v. Krol, 68 N.J. 236 (1975). In Rennie v. Klein, following a Supreme Court remand, the Third Circuit recognized that Krol patients have a "constitutional right to refuse antipsychotic drugs." Rennie v. Klein, 720 F.2d 266, 269 (3d Cir. 1983). Plaintiff's allegation that he was medicated against his will thus states a valid claim of a violation of Constitutional rights.

Defendants argue next that, under Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), Plaintiff has failed to plead the personal involvement of Defendants with sufficient particularity. Plaintiff alleges that Dr. Keddish ordered the forced injection of medication on one specific occasion. (Compl. ¶ 7.) Plaintiff alleges that Drs. Son and Nurenberg ordered the forced injection of medication on two specific occasions. (Compl. ¶ 18, 24.) Plaintiff has pled the personal involvement of Defendants with sufficient particularity to satisfy Third Circuit standards.

  C. Younger Abstention

Lastly, Defendants contend that Plaintiff's suit does nothing more than ask a federal court

to review issues that have been addressed in the New Jersey state forum, and they argue that this Court should abstain under the principles of Younger v. Harris, 401 U.S. 37 (1971).  This argument is unpersuasive for several reasons.  First, Defendants mischaracterize Plaintiff's action as an attempt to have this Court review his commitment status under Krol.  Plaintiff has not asked for this.  This case is not a de facto appeal of his commitment.  Rather, his claims limit this Court's involvement to the issues raised by forced administration of medication which, under Rennie, concern federal Constitutional questions.

Second, Defendants argue that Younger abstention is called for because of the strong public policy against federal court interference with pending State proceedings.  Defendants, however, make no claim that there are State proceedings pending.  Rather, Defendants assert merely that there *could be* state proceedings.  Defendants contend that this Court should defer to the "State of New Jersey's extensive regulatory system" but do not explain how justice would be served by doing so.  Notably missing is any explanation of how Plaintiff will be able to obtain the relief he seeks from the State's extensive regulatory system, and what benefit Plaintiff and the courts would obtain from his pursuing that alternative.  Defendants have not persuaded this Court that abstention is proper.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Complaint is denied.

      S/Joseph A. Greenaway, Jr.
      JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 19, 2006