**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN BRANDT,** **Plaintiff** | : : : |
| v. | : : Civil Action No. 05-3521(SRC)(MAS) |
| **JEFFREY NURENBERG, et al,** **Defendants.** | : : : : : |

**SHIPP, United States Magistrate Judge**

### OPINION

This matter comes before the Court by way of Plaintiff John Brandt's Application for Pro Bono Counsel. (*See* Docket, Doc. No. 24.) Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can obtain and afford counsel on his own behalf.

*Id.* (*citing Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (*citing Tabron*, 6 F.3d at 157.)

In this case, Plaintiff asserts, pursuant to 42 U.S.C. § 1983, that Defendants have deprived him of the rights guaranteed by the Fourteenth Amendment. (*See* Docket, Doc. No. 1.) Specifically, Plaintiff claims that the conditions of his confinement are unconstitutional. (*Id.*) Plaintiff alleges that Defendants have forcibly, willfully and knowingly medicated him to punish him for his behavior rather than as treatment based on sound medical judgement. (*Id.*)

Analysis of the *Tabron* factors in this case reveals that appointment of pro bono counsel is not appropriate at this time. It is apparent from Plaintiff's Complaint that he is able to articulate his legal claims, as well as the facts supporting such claims. In addition, the legal issues here appear to be fairly straightforward. While some factual investigation, such as obtaining certain hospital records and other documentation may be necessary, it does not appear that Plaintiff would have any difficulty obtaining this information or developing other relevant factual evidence. Although Plaintiff states that he requires expert testimony and depositions, the Court cannot make a determination as to whether either is necessary.

Accordingly, for the foregoing reasons, Plaintiff's application for appointment of counsel is denied, without prejudice to Plaintiff raising the issue again should circumstances change.

                                                        **HONORABLE MICHAEL A. SHIPP**
                                                        **UNITED STATES MAGISTRATE JUDGE**